FILED

2017 JUN -8  AM 11: 17

CLERK
U.S. BANKRUPTCY COURT
BY_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | CASE NO. 15-11166-tmd |
| RUSSELL WADE COLLIAU and | § | |
| MARCI KAM COLLIAU, | § | Chapter 7 |
| Debtors. | § | |
| Address:  118 Snapper | § | |
| Lakeway, TX 78734 | § | |
| Last 4 Digits of Social Security Number: 2483 | § | |

| | | |
|---|---|---|
| ROY HIGGS, individually and on behalf | § | |
| of INSPECTION MANAGEMENT | § | ADV.  NO. 15-01118 |
| SYSTEMS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| RUSSELL WADE COLLIAU | § | |
| Defendant. | § | |

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): Roy A. Higgs, individually and on behalf of Inspection Management Systems, Inc.

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ☒ Plaintiff
- ☐ Defendant
- ☐ Other (describe)

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☐ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ Other (describe) _____

## Part 2:  Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Final Judgment to Adversary Proceeding, Memorandum Opinion

2. State the date on which the judgment, order, or decree was entered:  May 28, 2017

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.   Party:  Russell Wade Colliau   Attorney:  Michael Baumer
7600 Burnet Road, Ste 530
Austin, TX 78757
512-476-8707

2.   Party: _____   Attorney: _____
_____
_____
_____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____      Date: 6/5/2017

Signature of attorney for appellant(s) (or appellant(s)  if not represented by an attorney)

Name, address, and telephone number of attorney  (or
appellant(s) if not represented by an attorney):
Roy Higgs
117 Tuscan Grove Court
Roseville, CA 95747
916-730-6305

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the
form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 28, 2017.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-11166-tmd |
| RUSSELL WADE COLLIAU | § | |
| MARCI KAM COLLIAU | § | CHAPTER 7 |
| Debtors. | § | |

| | | |
|---|---|---|
| ROY HIGGS, individually and on behalf of INSPECTION MANAGEMENT SYSTEMS, INC. | § § § § | ADV. NO. 15-01118 |
| Plaintiff, | § § | |
| v. | § § | |
| RUSSELL WADE COLLIAU, Defendant. | § § § | |

### FINAL JUDGMENT

On December 15, 2016, the Court conducted a bench trial in this adversary

proceeding. Closing arguments were heard on April 26, 2017. For the reasons stated

1

in its Memorandum Opinion dated May 24, 2017, the Court finds that Colliau's debt to Higgs is $7,800 and that this debt is not dischargeable.

ACCORDINGLY, IT IS ORDERED and FINAL JUDGMENT is rendered that Colliau is indebted $7,800 to Higgs and this debt is nondischargeable pursuant to 11 U.S.C. § 523(a).

IT IS FURTHER ORDERED that all other relief requested is denied.

# # #

2



**Dated: May 24, 2017.**

**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-11166-tmd |
| RUSSELL WADE COLLIAU | § | |
| MARCI KAM COLLIAU | § | CHAPTER 7 |
|     Debtors. | § | |

| | | |
|---|---|---|
| ROY HIGGS, individually and on | § | |
| behalf of INSPECTION | § | |
| MANAGEMENT SYSTEMS, INC. | § | ADV. NO. 15-01118 |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RUSSELL WADE COLLIAU, | § | |
|     Defendant. | § | |

### MEMORANDUM OPINION

When two individuals decide to join forces and form a business venture, they can take one

of two paths. The first is to seek and pay for sound legal advice to define and structure their

1

relationship and fairly allocate business risks, and to pay for sound financial advice to properly project future financial performance and accurately record the past. Or they can eschew the advice, save a little money, and just wing it. And that can work out fine in those few cases where the venture succeeds and prospers. But failure occurs far more often. And where, as here, business failure goes along with a lack of proper documentation, the parties can end up in litigation, and the attorney fees paid to litigation counsel are many times the fees that would have been paid for proper legal and financial advice up front.

## I.  BACKGROUND AND FACTS

In 2003, the plaintiff, Roy Higgs, and the defendant, Russell Colliau, were living in California and became neighbors.[1] In 2005, Colliau mentioned to Higgs that his company, a home inspection business, was having difficulty adjusting to the loss of his office manager.[2] Higgs, a professional software developer, suggested that he could write some software to automate various office management tasks (such as scheduling appointments, automatic emailing, contract management, and calculating inspection fees).[3] The parties then agreed to form a new company to sell this software to other home inspection businesses.[4] The company, Inspection Management Systems, Inc. ("IMS"), shared office space with Colliau's three other businesses, United Professional Real Estate Inspectors, Mold Detectives, and Husbands for Rent. The shared office space was located in a house owned by Colliau.[5]

---

[1] Tr. 12:20-24.
[2] Tr. 13:3-13.
[3] Tr. 13:14-15:8.
[4] Tr. 15:23-16:4.
[5] Tr. 179:21-185:19.

2

### A. The formation of IMS.

IMS was incorporated in Nevada on August 22, 2005.[6] Since its inception, Colliau was the president and majority shareholder of IMS and Higgs was a minority shareholder.[7] Although there is some dispute about the details, the parties agreed that Higgs would receive 39% of the stock in IMS and that Colliau would receive 61%.[8] During the first directors' meeting, the board of directors authorized the issuance and sale of 50,000 shares with 61% to be sold to Colliau and 39% to be sold to Higgs.[9] However, according to Colliau, only $100 worth of the shares were actually sold at that time.[10]

The parties agree that Colliau put $100,000 into IMS but dispute whether the $100,000 was a loan or a capital contribution.[11] Higgs claims Colliau was to make a $100,000 capital contribution to IMS in exchange for 61% of the shares, but Colliau contends the agreement was that he would loan IMS $100,000 during the startup period.[12] Higgs claims that he developed the software and only contributed a license to use the software to IMS in exchange for 39% of IMS's shares.[13] Colliau says IMS was to own the software, Higgs was to contribute his efforts to develop it, and Colliau was to contribute his efforts to sell it.[14] One of the disputed facts in the joint pre-trial order, which was added by Higgs's counsel, is that Colliau would "capitalize IMS with $100,000 and his

---

[6] Ex. 11; Joint Pre-trial Order 82:1-2, ECF No. 82. It is unclear why IMS incorporated in Nevada instead of California.

[7] Joint Pre-trial Order 82:1-2, ECF No. 82.

[8] Ex. 14:2; Tr. 23:6-8; 25:14-16 (Higgs Testimony); 138:10-12; 140:6-19 (Colliau Testimony).

[9] Ex. 14:2.

[10] Tr. 152:24-153:3. At another point in his testimony, Colliau said no shares were actually sold at that time of IMS's formation. Tr. 138:13-139:4.

[11] Tr. 110:2-7.

[12] Tr. 20:14-22; 22:22-23:8; Joint Pre-trial Order 82:6, ECF No. 82.

[13] Tr. 20:14-22.

[14] Tr. 127:15-25; Tr. 129:15-130:3.

3

half in the software license for 61% of the shares in IMS,"[15] suggesting that at one time Higgs's counsel believed that Colliau owned half the license. But, in what became a theme throughout his testimony, Higgs blamed his counsel for not taking the statement out of the joint pre-trial order.[16] Colliau's counsel also noted that the second amended complaint from the California litigation did not ask for a determination of who owned the software.[17]

Interestingly, there are two sets of bylaws for IMS. One set is dated August 22, 2005 and the other is dated January 30, 2006. One of the disputes in this adversary is over which set governs.[18] Colliau testified that because this was the first corporation he had incorporated in Nevada, he used a Nevada incorporation service to give them the documents they needed to get it started.[19] The August 2005 bylaws provide:

### 2.1 General Powers
The property, business and affairs of the Corporation shall be managed and controlled under the direction of the Board of Directors, and, except as otherwise expressly provided by law, the Articles of Incorporation or these Bylaws, all of the powers of Corporation shall be vested in such Board. Such management and general control will be by majority vote of the Board of Directors, with each Director having equal vote.

### 2.2 Number of Directors
The number of Directors constituting the Board of Directors shall be determined by shareholders.[20]

---

[15] Joint Pre-trial Order 82:6, ECF No. 82; Tr. 66:25-67:7.

[16] Tr. 66:25-67:9.

[17] Ex. 4; Tr. 108:11-109:9.

[18] Exs. 12, 12.1.

[19] Tr. 161:5-11.

[20] Ex. 12:2. Although neither party introduced the August 2005 bylaws into evidence before evidence closed, Colliau's counsel moved for admission of the bylaws after the close of evidence and the Court ruled that it would admit the bylaws because both parties testified extensively about them, but would only rely on the testimony. However, due to the extensive testimony by both parties about these exhibits, there is no prejudice to Higgs in admitting them. *See In re Pastran*, 2010 WL 2773243 at *4 (Bankr. N.D. Tex. July 13, 2010) (court weighed prejudice to the adverse party to decide whether to reopen the record for admission of additional evidence).

4

The August 2005 bylaws reference Nevada and have the same font as the other documents executed on that date. They also have the same font as all of IMS's other corporate documents, except for the documents dated January 2006.[21] The August 2005 bylaws are unsigned, but note at the bottom that they were adopted by a majority of shareholders.[22] The minutes from the shareholder meeting held on the same date corroborate the adoption of the August 2005 bylaws and state, "RESOLVED, that Bylaws of Inspection Management Systems, Inc were adopted."[23] These minutes also reflect that, in accordance with section 2.2 of the bylaws, the shareholders elected Colliau as the only director.[24] Although Higgs and Colliau both signed these meeting minutes, Higgs contends that he did not see the August 2005 bylaws until after he sued IMS and only knew about the January 2006 bylaws.[25]

The January 2006 bylaws provide that IMS will have its principal executive office in Sacramento, California and that:

> 2.02 The number of directors of this corporation shall be one so long as there is only one shareholder, but may include up to three Board Members, and not to exceed five Members at any one time.[26]

These bylaws required IMS to have more than one director because IMS had more than one shareholder. Although these bylaws are purportedly signed by Colliau as president and secretary of IMS,[27] and Colliau acknowledges the signature is his, Colliau denies that he executed the 2006

---

[21] Exs. 11-19.
[22] Ex. 12:6.
[23] Ex. 13:1.
[24] Ex. 13:1.
[25] Ex. 13:2; Tr. 105:2-13. Higgs also signed the minutes of the organization meeting of the directors held on the same date, which state that Colliau was the only director. Ex. 14.
[26] Ex. 12.1:1.
[27] Ex. 12.1.

5

bylaws because the principal office was not in Sacramento and he was never a secretary of IMS.[28] Colliau admits, however, that he used to live in Sacramento, that the January 2006 bylaws are standard California bylaws, and that he had used similar forms for his California corporations.[29]

Consistent with section 2.02 of the January 2006 bylaws, the minutes from the January 2006 board meeting list both Higgs and Colliau as directors.[30] However, the January 2006 board meeting minutes were signed by Higgs alone almost two years after the meeting occurred.[31] These minutes have a different font than the documents executed in August 2005.[32] But both January 2006 documents are inconsistent with all the other corporate documents that list Colliau as the only director and are signed by both Higgs and Colliau.[33] They are also inconsistent with both parties' understanding of Higgs's role in IMS.[34] According to Colliau, Higgs was not a director because he said more than once that he did not want to be that involved and wanted to stay in his "coding world."[35]

Based on the testimony of the two protagonists, and from reviewing the timing, sequence, and appearance of the documents, all in the context of the trial, the August 2005 bylaws and other documents are authentic, and the January 2006 bylaws and minutes are not. Both Higgs and Colliau testified that Higgs did not act as a director and the August 2005 bylaws, which provide for only one director, are consistent with that testimony.[36] If the January 2006 bylaws required two directors

---

[28] Tr. 135:8-136:7.
[29] Tr. 136:8-18.
[30] Ex. 15.
[31] Ex. 15.
[32] Exs. 12, 15.
[33] Exs. 16, 17, and 18.
[34] Tr. 26:16-25; Tr. 165:21-166:2.
[35] Tr. 165:21-166:2.
[36] Tr. 26:16-25; Tr. 165:21-166:2.

6

who would be the second director, if not Higgs? And if Higgs did not want to be a director, why is he listed as one? This is also inconsistent with the joint pre-trial order, in which the parties agreed that "Higgs represented . . . that Colliau was the sole director of IMS."[37] (Higgs again blamed his counsel for failing to remove that statement.)[38] And why were the January 2006 bylaws signed five months after the rest of the formation documents? Why were the minutes from the January 30, 2006 board of directors meeting, signed only by Higgs, and long after the meeting? Why don't these minutes reference the new bylaws? Why wasn't there a shareholders meeting on January 30, 2006 adopting the bylaws? These questions and inconsistencies were not addressed during the trial and they further support the conclusion that the January 2006 bylaws are not authentic. This conclusion also raises serious concerns about Higgs's credibility.

### B. The rise and fall of IMS.

According to Higgs, the parties agreed that Higgs would create the software and, when it was market-ready, they would then form the corporation.[39] Higgs contends that it took him six months, 672 hours, to create the software and that it was a month away from being "market-ready" when IMS was incorporated.[40] This testimony, and the way he "recalled" the hours he spent (exactly 672 hours, or 28 hours/week working on planes and in hotel rooms), was simply not credible. According to Higgs, he licensed the software in exchange for his shares, but admitted that there is no documentation supporting the license or his ownership of the software.[41] However,

---

[37] Joint Pre-trial Order 82:2, ECF No. 82.
[38] Tr. 98:19-20.
[39] Tr. 20:14-22.
[40] Tr. 16:10-19; Tr. 18:17-19:6; Tr. 43:10-21. Higgs testified that he would have billed his time at $150 an hour so the software was worth $100,800. Tr. 19:7-20:5.
[41] Tr. 21:12-21.

7

in his adversary complaint Higgs said he was to contribute the software with no mention of a license.[42] Again, Higgs blamed his counsel for failing to revise the complaint.[43] According to Colliau, Higgs wrote the software for IMS after its formation.[44] In his testimony, Higgs admitted that he received W-2s from IMS, but claims this was done for "tax purposes" and that he was not actually an employee of IMS.[45]

Higgs testified that IMS first presented the software to a client in September of 2005 at a conference.[46] Colliau agreed that they first presented a demo of the software at a conference, but said that the conference was on November 11, 2005.[47] He remembered the specific date because the patent application for the software is dated one year later, on November 10, 2006, and they had one year from the public demonstration to get the application on file or they would lose the right to patent the software.[48]

Higgs admitted that they submitted a joint patent application for the software that listed both Higgs and Colliau as the inventors and IMS as the owner of the patent.[49] This is entirely consistent with Colliau's description of the contributions both were expecting each other to make to IMS, and inconsistent with Higgs's story. There is no documentation that Higgs owned the software, just a patent application that lists IMS as the owner of the patent and the fact that IMS paid about $80,000 to patent lawyers for help getting the software patented (the patent was

---

[42] Compl. 1:3, para. 9, ECF No. 1; Tr. 62:12-63:4.
[43] Tr. 63:6-19.
[44] Tr. 196:11-19.
[45] Tr. 100:2-101:3.
[46] Tr. 16:20-24.
[47] Tr. 156:18-157:19.
[48] Tr. 156:18-157:19.
[49] Tr. 63:20-65:4.

8

ultimately denied).[50] Although the complaint states there were many patent applications pending, Higgs admitted that there was only one.[51] Higgs again blamed this discrepancy on his counsel.[52] Notably, the proposed findings filed by Higgs make reference to "the software that belonged to IMS,"[53] which is also inconsistent with Higgs's current story.

From 2005-2010, Higgs worked on maintaining and enhancing the software and Colliau sold the software.[54] During this time, IMS also paid a contractor $56,000 to write code.[55] According to Higgs, clients were charged a certain dollar amount per appointment to use the software.[56] Colliau testified that they got their first paying customer in July of 2006 and that the business grew from 2006 until 2009 when a competitor entered the market and began taking customers.[57]

In the summer of 2010, IMS brought in a business consultant and a financial consultant to help accelerate growth of the company.[58] According to Higgs, the consultants concluded that they needed to accelerate sales.[59] In response to this recommendation, Higgs approached Colliau about buying out his shares of IMS.[60] In his testimony, Colliau agreed that the consultants said they needed to increase sales, but that the biggest issue was customers leaving due to the instability of

---

[50] Tr. 63:20-64:14; and 168:15-16.
[51] Compl. 1:2, ECF No. 1; Tr. 69:8-16.
[52] Tr. 69:8-24.
[53] Proposed Findings of Fact and Conclusions of Law 71:7, ECF No. 71.
[54] Tr. 29:20-30:15.
[55] Ex. 30-32; Tr. 67:13-69:7.
[56] Tr. 17:8-11.
[57] Tr. 157:20-159:4.
[58] Tr. 31:22-33:12.
[59] Tr. 32:5-12.
[60] Tr. 32:23-33:3.

9

the software.[61] After the recommendation, IMS hired a programmer to work full time to fix bugs and stabilize the platform.[62] Higgs contends IMS hired the programmer because they wanted to rapidly accelerate growth.[63] When asked about customer complaints on cross-examination, Higgs danced around whether customers called to complain about problems with the software before finally acknowledging that some of the calls were because of bugs in the software.[64]

To help formulate an offer to buy Colliau's shares, Higgs hired a corporate lawyer and asked to review IMS's Quickbooks files.[65] Higgs does not contend that Colliau withheld the Quickbooks files and Colliau testified that he never denied Higgs access to IMS's financial records.[66] Higgs testified that when he reviewed the Quickbooks, he discovered that IMS had been paying the expenses of Colliau's other businesses and had taken capital contributions out of the corporation.[67] On December 14, 2010, Higgs filed a lawsuit against Colliau, Marci Colliau, and Colliau's three other businesses in California state court.[68]

### C. The payment of distributions and expenses.

Two of Higgs's many grievances are that Colliau caused IMS to make unequal distributions and that Colliau used IMS funds to pay the expenses of Colliau's other businesses.

1. Distributions.

Higgs contends that Colliau improperly distributed approximately $113,000 to himself

---

[61] Tr. 159:22-160:11.
[62] Tr. 160:21-25.
[63] Tr. 102:21-103:2.
[64] Tr. 101:20-102:20.
[65] Tr. 33:5-10.
[66] Tr. 194:17-195:1.
[67] Tr. 34:2-8.
[68] Ex. 1; Tr. 37:4-14. Higgs later amended the complaint to add IMS to the lawsuit. Ex. 3.

10

without proper approval and without equal distributions to Higgs.[69] Colliau says that the payments were made to repay the $100,000 loan made to IMS when it formed and were not dividends.[70] IMS's records are inconsistent: the loan was on the capitalization ledger and the loan repayments came out of the capital account, but the notation in the transaction detail says "loan payment."[71] There are no meeting minutes showing authorization of the loan to IMS or loan documents in the record.[72] However, there are also no meeting minutes showing that Colliau made a capital contribution.[73] (Both Higgs and Colliau testified regarding some emails sent from Higgs that appear to support the characterization of the money as a loan; however, Higgs says he did not write them and they were not properly authenticated during the trial. But when Higgs was asked if he had written an email acknowledging that the investment by Colliau was a loan, his denial was equivocal: "I don't believe I did.").[74] Higgs contends that he should have received 39% of these payments, approximately $44,000.[75]

At one point during his testimony Colliau said the distributions were "repayment[s] on the initial investment,"[76] but this one statement seems more like a lack of sophistication. In fact, the preceding question regarding the payments was, "were these dividends to you" and he answered "[t]hey were not."[77] In all, Colliau's testimony regarding the events that led to the formation of

---

[69] Tr. 57:6-58:3.
[70] Tr. 169:24-170:7.
[71] Tr. 169:24-170:7.
[72] Tr. 110:2-7.
[73] Tr. 110:8-11.
[74] Ex. 28; Tr. 71:25-74:14; 121:16-125:20; 169:4-23. Colliau testified that an IT professional printed the emails from the IMS server. To properly authenticate the emails under Rule 901, the IT professional needed to testify, but did not. *See* FED. R. EVID. 901.
[75] Tr. 58:15-21.
[76] Tr. 170:17-21.
[77] Tr. 170:17-18.

11

IMS was far more credible than that of Higgs. Additionally, his testimony about the bylaws aligns far more closely to what the actual corporate documents say. And, his testimony about the software aligns with the filings made with the Patent Office, whereas Higgs's testimony does not. Finally, as described below, Colliau's testimony about the expenses was far more credible than [was] Higgs's. Taking all this into consideration, as well as the testimony of Higgs and Colliau on this issue, the payments that total approximately $113,000 were repayments of a loan.

Higgs says IMS's records show additional unequal distributions of $25,588 (74.7%) in dividends paid to Colliau and $8,670 (25.3%) paid to Higgs.[78] He contends that he was shorted $7,225 in dividends.[79] However, IMS's records also show that Higgs received an additional $6,500 from IMS in the form of a loan in 2008.[80] IMS then credited a distribution to Higgs to repayment of this loan.[81] According to Colliau, the accountant converted the $6,500 in the books from a payment to a note receivable at Higgs's request because Higgs did not want to report the income for tax reasons.[82] Higgs denies receiving the $6,500 or knowing about the loan.[83] Once again, Colliau's testimony was more persuasive and with the $6,500 properly treated as a dividend, IMS paid dividends to the shareholders in amounts that were very close to their respective percentages of ownership in IMS.[84]

---

[78] Tr. 54:4-13. This does not include the $100,000 that Colliau contends were loan repayments.
[79] Tr. 54:14-23.
[80] Ex. 49; Tr. 168:20-169:3.
[81] Tr. 168:20-169:3.
[82] Tr. 168:20-169:3.
[83] Tr. 54:25-55:7.
[84] According to Higgs and including the $6,500 in the distributions, IMS paid dividends of $40,758 in total. Using the 39% to 61% split, the correct dividends should have been $24,862 to Colliau and $15,895 to Higgs. Tr. 54:16-23. Adding the $8,670 Higgs admits to receiving to the $6,500 loan equals $15,170. So, if these numbers are correct, Higgs received $725 less than he should have received.

12

2. Expenses.

According to Higgs's testimony, after reviewing the Quickbooks files he also found approximately $133,000 of expenses he contends IMS improperly paid on behalf of Colliau's other businesses.[85] However, during a deposition he said $88,000 was taken out of the company and the state court complaint lists $80,854 in expenses.[86] On cross-examination, Higgs testified that he forgot about the longer list of expenses during his deposition in July 2016.[87] He testified that upon reviewing the records in preparation for this trial, he found the longer list of improper expenses that he used during a hearing in state court.[88] But the state court only awarded damages of $50,000 (trebled) and his testimony was unclear on whether the separate list was actually used at that hearing.[89] Although Higgs said that the list in the state court complaint was only a subset of the improper expenses, he did not supplement the list when he filed this adversary proceeding.[90]

Essentially, Higgs argued that because IMS and Colliau's other businesses shared a work space the businesses should have shared the expenses equally.[91] One of the challenged expenses was rent.[92] During trial, Higgs admitted that he had no familiarity with the rental market for the type of space used and just argued that IMS should have only paid 25% of whatever the correct rent should be for the space.[93] Although Higgs contended that Colliau's other businesses were

---

[85] Ex. 76; Tr. 35:21-36:20. Exhibit 76 includes the list of challenged expenses with a subtotal through 2010 of $133,415, but the total amount listed is $184,298.
[86] Tr. 34:9-19; Tr. 74:18-75:3.
[87] Tr. 80:12-24.
[88] Tr. 34:4-23; Tr. 79:4-15.
[89] Tr. 79:4-81:20.
[90] Tr. 34:12-19; Compl. ECF No. 1.
[91] Tr. 76:2-20; 112:4-16.
[92] Ex. 4:4-7; Tr. 171:5-12.
[93] Tr. 76:13-20.

13

using a majority of the space until 2010, the listed expenses show that Colliau did not charge IMS rent until November of 2009.[94] Colliau also gave credible and detailed testimony regarding IMS's use of the majority of the office space and testified that he did not charge IMS for rent, internet, landscape services, cleaning services, utilities, or a printer from 2005-2008 because IMS simply could not afford to pay those expenses.[95] After walking through the rent issue on cross-examination, Higgs first said he did not believe IMS paid rent 2005-2007, but then seemed to walk back on that and said his state court lawyer just did not include rent for those time periods because they were only trying to add specificity to the state court complaint to get past a demurrer.[96] But why would counsel only add some expenses and not others if there was a concern about specificity in the complaint?

In addition, during Colliau's testimony, Colliau identified several of the other listed expenses as IMS expenses and supply reimbursements.[97] He testified that it was common practice to spend money on behalf of IMS and then seek reimbursement.[98] Another expense Higgs challenged was a $5,650 expense for moving and storing furniture because he did not see in Quickbooks where IMS bought any furniture.[99] However, Colliau testified convincingly that IMS purchased the furniture for the cost of moving and storing it and later sold it for $14,500, a profit of $8,850.[100] Higgs testified that he took this expense out when presenting the damages for the purposes of the default judgment because he "wanted to be ultra-conservative," but admitted that

---

[94] Ex. 4:6-8; Tr. 75:8-76:12; Tr. 173:2-17.
[95] Tr. 173:2-174:20.
[96] Tr. 78:1-17.
[97] Ex. 79.4; Tr. 171:20-173:1.
[98] Tr. 172:19-22.
[99] Tr. 112:19-113:11, 114:11-115:24.
[100] Tr. 174:21-176:23.

14

the expense was included in the exhibits attached to the complaint in this adversary proceeding.[101]

In the longer list of improper expenses that Higgs used in the state court hearing, Higgs also challenged a category of expenses to DMC Professional Services.[102] According to Higgs, these expenses were for Denis Candler, who worked as a contractor for IMS and one of Colliau's other businesses.[103] According to Higgs, Candler did sales work and performed inspections.[104] For this work, he was paid 50% by IMS and 50% by United.[105] Higgs argued that Candler spent more of his time working for United and so the 50/50 split was unfair to IMS.[106] Higgs provided exhibits that included a detailed analysis of Candler's time, but he was not able to support the analysis when he testified because it appeared he failed to account for time Candler spent working on the weekends in his analysis.[107] All in all, Higgs failed to show that Candler was overpaid by IMS.

In total, Colliau's testimony regarding the reimbursement of expenses by IMS, and allocation of shared expenses among IMS and Colliau's other companies was credible and far more persuasive than Higgs's testimony and his list of allegedly improper expenses.

### D. The issuance of additional stock.

According to Higgs, around the time he asked to buy Colliau's shares of IMS, Colliau began sending emails contending that IMS did not have enough operating income to cover its expenses and would need to issue more shares.[108] Then, on November 11, 2010, IMS held a special

---

[101] Tr. 113:12-116:15.
[102] Ex. 76.
[103] Tr. 81:21-24.
[104] Tr. 81:25-83:4.
[105] Tr. 83:5-10.
[106] Ex. 72.1; Tr. 87:15-19.
[107] Ex. 72.1-72.3; Tr. 82:7-93:2.
[108] Tr. 33:11-24.

15

meeting of the board of directors.[109] At that time, Colliau was the only director and thus the only director present.[110] Higgs admitted to receiving notice of this meeting because the notice was taped to his front door.[111] At the meeting, the board adopted a resolution that authorized the issuance of 50,000 additional shares of Class A common stock with a value of $1.00 per share.[112] The resolution also provided that Colliau would have the right to purchase 30,500 shares and Higgs would have the right to purchase 19,500 shares and that this right (described as a "right of first refusal") would expire on November 22, 2010, with an additional right to purchase shares that expired on November 29, 2010.[113] During this same meeting, the board terminated Higgs as an officer and appointed Dennis Candler as Secretary.[114]

Higgs testified that he did not purchase the stock in response to this resolution because IMS would not need to issue more stock to raise money if it were not paying the expenses of Colliau's other corporations.[115] So Higgs had the opportunity to buy additional shares, but chose not to. Higgs also argued that Colliau did not have authority to issue the additional shares because the shareholders did not authorize the action, but Colliau was the majority shareholder and Higgs's vote would not have changed the outcome.[116] Higgs also argued that Colliau lacked authority to issue the shares because he was the only director and the January 2006 bylaws required more than one director.[117] But, as discussed earlier, the August 2005 bylaws govern and do not require two

---

[109] Ex. 19.
[110] Ex. 19:1.
[111] Tr. 37:19-38:8.
[112] Ex. 19:2, Resolution 1.
[113] Ex. 19:2, Resolution 1.
[114] Ex. 19:2, Resolution 2, 3.
[115] Tr. 38:11-39:10.
[116] Tr. 39:11-19.
[117] Tr. 39:20-40:16.

16

directors.

### E. The 8/24/11 ratifications.

On August 24, 2011, IMS held a shareholder's meeting.[118] The meeting minutes indicate that Colliau was the only shareholder in attendance, representing 50,061 shares.[119] According to Higgs, the minutes show that Colliau ratified every transaction in the IMS Quickbooks.[120] The minutes show 2,233 resolutions from that meeting, including one that made Marci Colliau a director of IMS.[121] The day before this meeting, it appears that Colliau caused IMS to issue a 39 share stock certificate to Higgs.[122] (Apparently, Colliau was of a view as of the time of this meeting that only 100 shares were actually sold—61 to himself and 39 to Higgs—and so testified at trial.[123] But if it's true that only 100 shares were sold initially in 2005, why was Higgs not sent the stock certificate until August of 2011? In any event, the August 2005 corporate documents reflect the initial issuance of 50,000 shares with no indication that those shares were retained as treasury stock and not sold. Since the August 2005 corporate documents have been relied on for other issues, they will control over Colliau's contrary testimony.)

It is difficult to know what to make of these activities, other than that they appear to have been a misguided attempt to affect the then pending state court litigation.[124] But it is hard to see how Higgs was damaged by these actions because, as the majority shareholder, Colliau would

---

[118] Ex. 66:1.
[119] Ex. 66:1.
[120] Tr. 48:16-49:21.
[121] Ex. 66:2, 66:303.
[122] Ex. 19.3.
[123] Tr. 153:22-154:3.
[124] Tr. 195:21-196:1.

17

have outvoted Higgs had he objected to the resolutions. And it appears that the state court would agree with this reasoning because, according to Colliau's undisputed testimony, when Higgs attempted to get a temporary restraining order from the state court removing Colliau as director, it denied the request on the grounds that Colliau's majority ownership of shares gave Colliau the ultimate right to direct matters as he chose.[125]

## F.    The sale of IMS's assets.

According to Colliau, IMS's competitor took over the market and IMS "continued to bleed off clients and revenue" because the software was unreliable and unstable.[126] In November 2012, IMS sold the majority of its assets, including the software, to an entity named PercepCo, LLC for $35,200.[127] Higgs contends that he was not given notice of the sale.[128] Colliau testified that he did not recall whether he gave notice to Higgs and had no record of the board meeting where this sale was authorized.[129] Nor was any evidence offered to suggest that Higgs received any of the proceeds.

Although the IMS assets sold for $35,200, Higgs contends the assets were worth at least $200,000 to $300,000 considering the amount of time he spent developing the software and IMS's customers.[130] Higgs's opinions as to value are not credible in light of his questionable testimony about how he computed the time he spent on the software, and in light of Colliau's testimony about the unstable software and IMS's dwindling customer base. The best indication of the software's

---

[125] Tr. 166:5-167:4.
[126] Tr. 155:19-160:11.
[127] Ex. 19.1:2; Tr. 41:21-43:5.
[128] Tr. 42:6-43:5.
[129] Tr. 145:13-146:11.
[130] Ex. 19.1:2; Tr. 44:11-13.

18

value from the available record, apart from the actual sale price of $35,200, is the fact that in April 2014 Higgs offered to buy the assets back from PercepCo for around $40,000.[131] And when PercepCo later offered to sell the assets to Higgs for $120,000, he rejected the offer.[132] Based on Higgs's own actions, the assets of IMS could not have been worth more than $40,000, and were probably worth considerably less based on Colliau's credible testimony about the instability of the software and the inroads being made by IMS's competitors.

In his testimony, Higgs raised several other issues with the sales contract. First, Higgs noted that one of the representations in the contract was that the seller had "good and marketable title to the Purchased Assets, free of any encumbrance, lien or other claim of any kind, with full right and power to sell the Purchased Assets."[133] Higgs argued that IMS only had a license and did not have title to the software code, but, as discussed above, there is no documentation to support this assertion.[134] Next, Higgs argued that IMS did not have authority to sell the assets because the sale was not approved by all the shareholders.[135] Finally, Higgs noted another of the seller's representations which states:

> (d) No Encumbrances; No Litigation. There are no liens or encumbrances of any kind affecting the Purchased Assets. There are no pending, outstanding, or, to Seller's knowledge, threatened claims, suits, proceedings, judgments, or orders against or involving Seller or any of the Purchased Assets that will materially adversely affect the Purchased Assets or Seller's ability to fulfill its obligations under the Agreement.[136]

---

[131] Ex. 81; Tr. 94:15-21.
[132] Ex. 81; Tr. 94:8-95:6.
[133] Ex. 19.1:3; Tr. 46:19-47:1.
[134] Tr. 21:12-21; Tr. 46:19-47:1.
[135] Ex. 19.1:9; Tr. 47:2-8.
[136] Ex. 19.1:3.

19

Higgs pointed out that this representation was wrong because of the California lawsuit.[137] Colliau asserts that the representations were true because IMS "did not have any of those elements against them."[138] He also noted that the buyer's counsel had a copy of the complaint from the California lawsuit and drafted those provisions in the sales contract.[139]

For the most part, where the stories told by the parties about the formation of IMS and the flow of funds from IMS are in conflict, Colliau's story is far more credible than the story offered by Higgs. This is in large part because Colliau's story simply aligned far better with the documents and overall chronology of events, but also because Higgs's testimony was not credible on other points, such as his re-creation of time spent on the software, and his constant criticism his (various) lawyers for getting things wrong in the pleadings. To be sure, Colliau is not without criticism. It appears he testified in his deposition that a payment of $92,000 to his California attorney, Michael McClelland, was for attorney fees and later reversed his testimony to say that it was repayment of money advanced for real estate improvements.[140] But the limited context made it impossible to tell if this was a false statement or a simple misunderstanding. More significantly, though, Colliau also failed to give Higgs notice when he authorized the sale of IMS's assets and it appears he may not have given Higgs his share of the proceeds from the sale.[141]

**G.    The prior proceedings in state court.**

As mentioned above, in December 2010, Higgs sued Colliau, Colliau's wife, IMS, and Colliau's three other businesses, United Professional Real Estate Inspectors, Mold Detectives, and

---

[137] Tr. 47:11-23.
[138] Tr. 150:6-25.
[139] Tr. 167:5-168:3.
[140] Tr. 153:17-154:5.
[141] Tr. 41:19-43:5.

20

Husbands for Rent (the "Corporate Defendants").[142] Colliau and the Corporate Defendants were all represented by Michael McClelland in the state court litigation and all four parties received a single bill, rather than four separate bills, for that representation.[143] During the lawsuit, Colliau stated, in a sworn declaration, that all of the corporate financial information for the Corporate Defendants was entered into QuickBooks and then the source documents were destroyed.[144] Ultimately, a discovery referee recommended that terminating sanctions be entered against the Corporate Defendants, but not against the Colliaus.[145]

The referee found that certain QuickBooks information located on a disc, evidently financial information about Colliau's other entities, was not sufficient to respond to a request for production of documents propounded by Higgs.[146] The referee seemed bothered by the fact that Colliau's attorney represented that twenty-five boxes of documents would be made available, but only three insurance policies and a flash drive were produced.[147] He found "credible" a declaration by a CPA that in fact the flash drive (containing QuickBooks files) contained no documents responsive to the request.[148] And yet, Higgs himself used the IMS QuickBooks records to try to build his case against Colliau on the dividends and other transfers.[149] Indeed, the records seemed quite complete, in that the parties were able to reproduce not only records of transactions as

---

[142] Colliau was the sole shareholder and president of the Corporate Defendants. Tr. 154:22-155:12.
[143] Joint Pre-trial Order 82:5, ECF No. 82.
[144] Joint Pre-trial Order 82:4, ECF No. 82.
[145] Joint Pre-trial Order 82:4, ECF No. 82.
[146] Ex. 8:8-10.
[147] Ex. 8:4-5, 8.
[148] Ex. 8:4-5, 8.
[149] *See e.g.* Ex. 76 (Higgs's spreadsheet of allegedly improper expenses paid by IMS for the Corporate Defendants).

21

recorded in the various accounts, but actual documentation as well.[150] It is hard to imagine that the QuickBooks files for Colliau's other entities were not as complete, and equally hard to imagine how Higgs's expert came to possess a disc that contained no information.

Be that as it may, discovery abuse is no small matter. The terminating sanctions recommended by the discovery referee appear in order given the findings made by the referee. The discovery referee also weighed Colliau's individual responsibility and culpability in stating the following:

> I conclude that, in light of the Superior Court's prior orders refusing to allow plaintiff to pursue an alter ego theory against individuals, it would be inappropriate to order entry of a default judgment against defendant Russell Colliau.

> However, this does not mean that defendant Colliau should avoid sanctions entirely. He is the President of the three sanctioned corporate defendants. He has played a central role in the refusal of the corporate defendants to produce documents. He has submitted a declaration under penalty of perjury in opposition to the instant motion which I find not credible.

> I find that defendant Russell Colliau should pay monetary sanctions to plaintiff Roy Higgs in the amount of $5,000.00 (Code Civ. Proc. § 2023.030, subd. (a).).[151]

The California court adopted the referee's recommendation and entered terminating sanctions that resulted in a default judgment against the Corporate Defendants in favor of IMS for actual damages of $50,000, trebled under RICO to $150,000 and in favor of Higgs for $202,544 in attorney's fees.[152] In its opening sentence, the default judgment states: "On May 13, 2013, this Court entered default for fraud, misappropriation and conspiracy to commit fraud and

---

[150]*See e.g.* Tr. 112:17-113:11; 114:11-115:24, 174:21-176:23 (testimony regarding documents relating to furniture IMS purchased and later sold at a profit).

[151] Ex. 8:11.

[152] Exs. 7:2, 9.

22

misappropriation against (the Corporate Defendants)."[153]

However, the California court also adopted the referee's recommendation regarding the Colliaus individually. It stated:

> Plaintiff has also submitted partial objections to the Recommendations. In his objections, plaintiff asserts that default judgment should also be entered against individual defendants Russell Colliau and Marci Colliau. Justice Sims noted in the Recommendations that as the court has refused to allow plaintiff to pursue an alter ego theory against the individual defendants, it would not be appropriate to order entry of default judgment against Russell Colliau. This finding is supported. The operative complaint in this action contains no allegations of alter ego liability, and the court declined to permit plaintiff to amend his complaint to add such allegations. It is not appropriate to enter terminating sanctions against Russell Colliau in his individual capacity.[154]

The Corporate Defendants appealed, but the appeal was denied and the default judgment became final against the Corporate Defendants.[155] Higgs then filed a motion to amend the default judgment to add Colliau (but not Marci Colliau) as a judgment debtor.[156] The California court denied Higgs's motion because granting it would not resolve all of the causes of action.[157] Higgs then dismissed several causes of action and filed another motion to amend the default judgment to add Colliau.[158] The state court again denied Higgs's motion, this time on due process grounds, and stated:

> In this case, default judgments have been entered against the Corporate Defendants. However, Colliau answered the complaint, remains a party in the action, and has been actively litigating his defenses and cross-claims against Higgs. Terminating sanctions were requested, and denied, as against Colliau.

---

[153] Ex. 9.
[154] Ex. 7:5.
[155] Joint Pre-trial Order 82:4, ECF No. 82.
[156] Joint Pre-trial Order 82:5, ECF No. 82.
[157] Ex. 10.2:2.
[158] Mot. Summ. J. 50:12, ECF No. 50; Resp. to Mot. Summ. J., Ex. 2, ECF No. 53-2.

23

> Higgs also provides very little evidence regarding Colliau's control of the litigation with respect to the Corporate Defendants. . . . While the Corporate Defendants have lost their ability to participate in defense of this action, Higgs does not provide adequate justification to remove Colliau's right to defend against the claims made against him personally.[159]

Undeterred by these rulings, Higgs then filed a motion for summary judgment in which he again asserted that the judgment against the Corporate Defendants should also be binding on Colliau (but not Marci Colliau) based on the principles of res judicata and collateral estoppel.[160] That motion was pending when the Colliaus filed under chapter 7 in this Court.[161]

### H.    The prior proceedings in bankruptcy court.

In the bankruptcy case, Higgs and the chapter 7 trustee objected to the Colliaus' homestead exemption and argued that the Colliaus sold non-exempt property in California and then used the proceeds to purchase and improve exempt homestead property in Texas with the intent to "hinder, delay or defraud creditors."[162] This Court ruled that the Colliaus did not intend to delay, hinder or defraud their creditors when they moved from California to Texas and then purchased a home in Texas.[163] Rather, the Colliaus moved because of a job offer in Texas and because of an unfounded temporary restraining order that Higgs sought against Colliau in California.[164]

While the objections to exemption were pending, Higgs filed a motion for relief from the automatic stay so that the litigation in California could proceed.[165] The motion was denied for two

---

[159] Resp. to Mot.  Summ. J. ECF No. 53-2.
[160] Joint Pre-trial Order 82:5 ECF No. 82.
[161] Joint Pre-trial Order 82:5 ECF No. 82.
[162] *In re Colliau*, No. 15-11166, ECF Nos. 22, 29.
[163] *In re Colliau*, No. 15-11166, ECF No. 75.
[164] Exs. 20, 21; *In re Colliau*, No. 15-11166, ECF No. 75; Oral Ruling on Obj. to Exemptions, Mar. 2, 2016.
[165] *In re Colliau*, No. 15-11166, ECF No. 45.

24

reasons. First, the issues could be resolved faster in bankruptcy court. Second, the summary judgment that was pending in state court would not dispose of the entire case because it would not resolve the exception to discharge and nondischargeablity claims, and it did not address the claims against Marci Colliau, which were then alive in this adversary proceeding.[166]

Several months later, Higgs filed a motion for summary judgment in this adversary proceeding and asked this Court to apply the default judgment against the Corporate Defendants to Russell Colliau, individually.[167] The motion was denied for the reasons discussed in detail below.

## II.    ANALYSIS

Higgs asks the Court to deny Colliau's bankruptcy discharge in its entirety or find that Colliau's debt to Higgs is nondischargeable. Higgs also asks the Court to revisit its ruling on the motion for summary judgment.

### A.  Denial of discharge for failure to produce records.

Section 727(a)(3) states that the court shall grant the debtor a discharge, unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."[168] According to the Fifth Circuit, this section gives the court authority to deny a debtor's discharge if the creditor shows "(1) the debtor fails to

---

[166] *In re Colliau*, No. 15-11166, ECF No. 74 (transcript of oral ruling). Higgs later agreed to dismiss Marci Colliau from this adversary proceeding, ECF No. 55, but not until almost 10 months after the case was filed, and as the suit approached trial.

[167] Mot. Summ. J., ECF No. 50.

[168] 11 U.S.C. § 727(a)(3).

25

48

keep or preserve financial records, and (2) the failure makes it impossible for the creditor to discern the debtor's financial condition."[169] The debtor then must show that the failure to keep records was justified under the circumstances.[170]

    In the adversary complaint and joint pre-trial order, Higgs said that the section 727 count was based on the records not produced in the California litigation.[171] But those were records of affiliates, and while this could provide a basis for blocking Colliau's discharge under section 727(a)(7), the conduct had to occur within a year of bankruptcy, and the conduct in the California litigation happened long before.

    Apparently realizing this, Higgs in closing argued that denial of Colliau's discharge is warranted because of his failure to produce documents to support the payment made to Colliau's California attorney in the amount of $92,000 (even though that claim was not made in the adversary complaint or joint pre-trial order). However, Colliau's counsel produced documents related to this payment during the oral ruling on the motion for summary judgment and Higgs did not amend the complaint or otherwise complain about the sufficiency of those documents until after the trial.[172] Also, as noted earlier, there was no context for this transaction, nor was it clear how this transaction was in any way relevant to the matters tried. In prior hearings, but not at trial, Higgs's attorney argued that the financing of the litigation was relevant to the privity issue discussed below, but he obtained a stipulation on that issue in the joint pre-trial order.[173] Thus, the

---

[169] *In re Buescher*, 783 F.3d 302, 307 (5th Cir. 2015) (citing *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003)).

[170] *In re Buescher*, 783 F.3d 302, 308 (5th Cir. 2015).

[171] Compl. 1:13, ECF No. 1; Joint Pre-trial Order 82:8, ECF No. 82.

[172] Oral Ruling on Mot. Summ. J., Oct. 6. 2016.

[173] Joint Pre-trial Order 82:5, ECF No. 82 ("Mr. Colliau and the Corporate Defendants were represented by the same attorneys in the California litigation. All four parties received a single bill rather than four separate bills for

lack of documents to support the $92,000 payment did not prevent Higgs from "ascertaining" the "business transactions" by which the litigation was financed, and so Higgs has not carried his burden under section 727(a)(3).

## B. Nondischargeablity under 523(a)(2)(A), (a)(4), and (a)(6).

Under 523(a)(2)(A), a discharge under section 727 does not discharge an individual debtor from any debt "(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[174] Prior to the Supreme Court's opinion in *Husky International Electronics, Inc. v. Ritz*,[175] the Fifth Circuit required a party asserting fraud under 523(a)(2)(A) to show:

(1) the debtor made a representation;
(2) the debtor knew the representation was false;
(3) the representation was made with the intent to deceive the creditor;
(4) the creditor actually and justifiably relied on the representation; and
(5) the creditor sustained a loss as a proximate result of its reliance.[176]

But in *Husky v. Ritz,* the Supreme Court held that a party could show "actual fraud" under 523(a)(2) without a false representation, where there was a transfer scheme designed to hinder collection of debt.[177] In that case, the plaintiff, Husky, sold components used in electronic devices to a company, Chrysalis, where the defendant/debtor, Ritz, served as a director.[178] Ritz drained Chrysalis of assets that could have been used to pay Husky's debt and transferred large amounts

---

that representation.").

[174] 11 U.S.C. § 523(a)(2)(A).
[175] 136 S. Ct. 1581 (2016).
[176] *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005).
[177] *Husky Int'l Elecs., Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016).
[178] *Id.*

27

of the assets to other entities that he controlled.[179] After Ritz filed bankruptcy, Husky filed an adversary proceeding contending that Ritz could not discharge its debt because the intercompany transfer scheme was "actual fraud" under 523(a)(2)(A).[180] The District Court and Fifth Circuit held that the debt was dischargeable because the Husky failed to show that Ritz had made a misrepresentation and so could not show he committed actual fraud.[181] The Supreme Court reversed and held that a finding of "actual fraud," for purposes of section 523(a)(2), does not require a false representation.[182]

Here, Higgs's primary argument is that Colliau committed actual fraud by taking improper distributions from IMS and by using IMS funds to pay the expenses of his other businesses.[183] However the evidence regarding the distributions, while murky, better supports Colliau's story that the majority of his distributions were made to repay his $113,000 loan to IMS. Accounting for the loan repayments, the distributions to Higgs and Colliau appear substantially proportionate to their shares in IMS. And the evidence regarding the expenses demonstrates that the expenses paid by IMS, either to reimburse employee expenses, or to pay a share of expenses allocable to IMS and Colliau's other companies, were proper. Time and again Colliau was able to show that allegedly improper expenses paid by IMS were, in fact, proper and reasonable. Also persuasive is the fact that IMS benefitted for years by not paying rent or other general operating expenses.

---

[179] *Id.*

[180] *Id.*

[181] *Id.* at 1585-86.

[182] *Id.*

[183] Joint Pre-trial Order 82:6, ECF No. 82. The Pre-trial order also lists alleged misrepresentations related to a $91,000 payment to Colliau's attorney, subpoenas issued in the California litigation, and the existence/non-existence of the business records of the Corporate Defendants and asks the Court to determine whether they are relevant. Joint Pre-trial Order 82:7, ECF No. 82. However, the burden of tying those allegations to the elements of 523(a)(2)(A) is on the plaintiff, not the Court.

28

Higgs's next allegation stems from the issuance of new stock without proper authority because the actions were taken when there was only one director and happened during a director's meeting instead of a stockholder's meeting. However, as discussed above, the Nevada bylaws govern here and they only require one director. In addition, as the majority stockholder, Colliau would have voted his shares to approve these actions and so Higgs would not have been able to change the result. Finally, Higgs admitted that he had notice of the meeting where the additional stock was issued, knew that Colliau was trying to raise money, and had the same opportunity to buy additional shares that Colliau did, but consciously chose not to participate. Having had notice and the chance to buy new shares or, for that matter, appear and object to the actions being taken, Higgs cannot be heard to complain now.

However, Higgs can be heard to complain about the sale of IMS assets if it occurred without notice to him and if he did not receive his fair share of the proceeds.[184] Defalcation under section 523(a)(4) does not require a finding of fraud.[185] Defalcation occurs when a fiduciary neglects a duty.[186] The state of mind necessary to prove defalcation is "one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior."[187] "Where the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct,

---

[184] During closing arguments, Higgs's counsel noted that Higgs also did not receive a distribution from the proceeds of the sale, but Higgs did not testify, or otherwise produce evidence, regarding whether he was entitled to any of the proceeds or whether he received any of the proceeds. It is possible that IMS paid debt with the proceeds and that the shareholders were not entitled a distribution. But it seems clear from the record that a sale took place, and that if Colliau did anything with the money other than keep it, he would have said so. Tr. 167:5-168:8.

[185] *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1760 (2013) ("The statutory provision makes clear that the first two terms apply outside of the fiduciary context; and 'defalcation,' unlike 'fraud,' may be used to refer to *nonfraudulent* breaches of fiduciary duty."); *In re Whitaker*, 642 Fed. Appx. 345, 348 (5th Cir. 2016).

[186] *In re Whitaker*, 642 Fed. Appx. 345, 348 (5th Cir. 2016).

[187] *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1757 (2013).

29

the term [defalcation] requires an intentional wrong."[188] Intentional wrongs include both conduct that the fiduciary knows is wrong and where a fiduciary "consciously disregards (or is willfully blind to) a substantial and unjustifiable risk" that the conduct will breach a fiduciary duty.[189] Under Nevada law, the director of a corporation is a fiduciary and has a duty of care and loyalty to the corporation and its shareholders.[190] According to the Supreme Court of Nevada, "the duty of care consists of an obligation to act on an informed basis; the duty of loyalty requires the board and its directors to maintain, in good faith, the corporation's and its shareholders' best interests over anyone else's interests."[191]

Here, the evidence shows that although Colliau notified Higgs of other shareholders meetings, he failed to notify Higgs of the meeting where the sale of the assets of IMS was authorized. This suggests that Colliau intentionally failed to notify Higgs of the sale; even though Colliau knew Higgs might also be interested in purchasing the assets. This constituted a breach of

---

[188] *Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759 (2013).
[189] *In re Whitaker*, 2014 WL 4346191 at *12 (Bankr. E.D.T.X. Aug. 29, 2014) *aff'd In re Whitaker*, 642 Fed. Appx. 345 (5th Cir. 2016).
[190] As previously discussed, IMS is governed by Nevada, not California law. Nevada Revised Statute 78.138(7) provides:

> Except as otherwise provided in NRS 35,290, 90.660, 91.250, 452.200, 452.270, 668.045 and 649A.030, or unless the articles of incorporation or an amendment thereto, in each case filed on or after October 1, 2003, provide for greater individual liability, a director or office is not individually liable to the corporation or its stockholders or creditors for any damages as a result of any act or failure to act in his capacity as a director or officer unless it is proven that:
>
>> (a) The director's or officer's act or failure to act constituted a breach of his or her fiduciary duties as a director or officer; and
>>
>> (b) The breach of those duties involved intentional misconduct, fraud, or a knowing violation of law.

*Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1178 (2006) ("The board's power to act on the corporation's behalf is governed by the directors' fiduciary relationship with the corporation and its shareholders, which imparts upon the directors duties of care and loyalty.").
[191] *Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1178, 632 (2006).

Colliau's duty of care and loyalty to IMS.

Higgs testified that he was damaged by this failure because the software was worth $300,000 and Colliau sold it for $35,200. Presumably, if Higgs had been notified of the sale, he could have submitted a higher offer. However, as noted above, the only credible evidence of the value of the software in the record, aside from the sale price, is Higgs's offer to buy it for $40,000.

Higgs's damages must be measured by how much of the sale proceeds he would have received, which in turn depends on his percentage ownership in IMS. As noted above, a total of 100,000 shares were issued[192] and Higgs held 19,500 shares, or 19.5%. Giving Higgs the considerable benefit of the doubt as to value, and valuing the assets at the $40,000 Higgs offered for them, Higgs should be awarded a judgment in the amount of $7,800. And whether this debt was incurred by actual fraud under *Ritz*, a defalcation under section 523(a)(4), or a willful and malicious injury under section 523(a)(6), Higgs's judgment for $7,800 is excepted from Colliau's discharge.

### C. Res Judicata/Collateral Estoppel.

As discussed above, Higgs previously filed a motion for summary judgment arguing that the default judgment entered against the Corporate Defendants in the California litigation should be applied to Colliau, individually, through the doctrine of collateral estoppel. The motion was denied, but Higgs re-urged the collateral estoppel argument in the joint pre-trial order and post-trial briefing.

When appropriate, bankruptcy courts can apply collateral estoppel in proceedings where

---

[192] The 50,000 initially issued in 2005, plus the 50,000 subsequently issued in 2010.

31

a party seeks to block a debtor's discharge or obtain a determination that its debt is nondischargeable.[193] To determine whether applying collateral estoppel is appropriate, courts look to the law of the state in which the judgment was entered.[194] In California, courts will apply collateral estoppel if:

(1) the issue sought to be precluded from relitigation is identical to that decided in a former proceeding;

(2) the issue was actually litigated in the former proceeding;

(3) the issue was necessarily decided in the former proceeding;

(4) the decision in the former proceeding is final and on the merits; and

(5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.[195]

Even if these threshold requirements are met, the court must find that application of preclusion furthers the public policies underlying the doctrine.[196] And the Fifth Circuit has said that "in only limited circumstances may bankruptcy courts defer to the doctrine of collateral estoppel and thereby ignore Congress' mandate to provide plenary review of dischargeability issues."[197]

In this case, the technical element that prevents application of collateral estoppel is privity.

---

[193] *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991).

[194] *In re Schwager*, 121 F. 3d 177, 181 (5th Cir. 1997) (citing *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991).

[195] *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990)).

[196] *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001). California courts will give preclusive affect to default judgments if certain requirements are met. *Id.* at 1246-48.

[197] *In re Dennis*, 25 F.3d 274, 278 (5th Cir. 1994).

32

California courts do not delineate specific elements for privity.[198] However, it is traditionally found where there is "'a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights.'"[199] Courts begin the analysis by looking at "whether a nonparty was 'sufficiently close' to an unsuccessful party in a prior action to justify the application of collateral estoppel against the nonparty."[200] Here, the discovery referee's findings establish a divergence in interests. He refused to recommend terminating sanctions against Colliau individually because the state court had previously entered orders refusing to allow Higgs to pursue an alter ego theory against Colliau.[201] Then, the state court adopted this recommendation stating that "this finding is supported. The operative complaint in this action contains no allegations of alter ego liability, and the court declined to permit plaintiff to amend his complaint to add such allegations. It is not appropriate to enter terminating sanctions against Russell Colliau in his individual capacity."[202] Thus, the state court agreed with the referee's finding that Colliau's interests differed from the interests of the Corporate Defendants.

Later, the state court denied a motion to amend the judgment to add Colliau, doing so on the basis that the default judgment did not address all the causes of action pled against Colliau.[203] Higgs then dropped the additional causes of action against Colliau and once again moved to amend the judgment to include Colliau.[204] And again, the motion to amend was denied.[205] Although the

---

[198] *Lynch v. Glass*, 44 Cal. App. 3d 943, 947 (Cal. Ct. App. 1975).
[199] *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 149 (Cal. Ct. App. 2006) (internal italics omitted).
[200] *Lynch v. Glass*, 44 Cal. App. 3d 943, 947 (Cal. Ct. App. 1975).
[201] Joint Pre-trial Order 82:4-5, ECF No. 82.
[202] Ex. 7:5.
[203] Ex. 10.2:2.
[204] Joint Pre-trial Order 82:5, ECF No. 82.
[205] Resp. to Mot. Summ. J. Ex. 2:5, ECF No. 53-2.

33

court referred to a lack of evidence of control of the litigation by Colliau, this seems at odds with the referee's finding that Colliau played a "central role" in the failure to produce.[206] Moreover, the court noted that "Colliau answered the complaint, remains a party in the action, and has been actively litigating his defenses and cross-claims against Higgs. Terminating sanctions were requested, and denied, as against Colliau."[207]

Higgs argued that there is now enough evidence of control of the litigation to establish privity. But the only additional evidence is the parties' stipulation that Colliau and his companies were represented by the same counsel and received one, rather than separate, bills.[208] And this evidence only corroborates the referee's finding that Colliau had played a "central role." In *Gottlieb v. Kest*,[209] relied on by both parties, the court held that a default judgment against a defunct corporate entity should not collaterally estop the principal of the company because the corporate entity lacked the incentive to defend, and so was not in privity with the principal.[210] Likewise, here, Colliau's corporations were well down the road to their eventual bankruptcy filings.[211] Moreover, there is another basis for finding a lack of privity here—on four occasions, the California state court system refused to hold Colliau responsible for the failure by his corporations to produce documents, on the basis that his interests diverged from the interests of his defunct companies.

But there is a further reason not to apply collateral estoppel at all. As noted above, even if

---

[206] Resp. to Mot. Summ. J. Ex 2:4, ECF No. 53-2 and Ex. 8:11.
[207] Resp. to Mot. Summ. J. Ex 2:4, ECF No. 53-2.
[208] Joint Pre-trial Order 82:5, ECF No. 82.
[209] 141 Cal. App. 4th 110 (Cal. Ct. App. 2006).
[210] *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 153-4 (Cal. Ct. App. 2006).
[211] Joint Pre-trial Order 82:4, para. 25 ECF No. 82.

34

privity and the other threshold requirements are met, preclusion under California law will not be applied unless doing so "furthers the public policies underlying the doctrine."[212] According to the California Supreme Court, "the public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitutes sound judicial policy."[213] Here, Higgs obtained a default judgment against Colliau's companies from a court that refused—four times—to apply that judgment to Colliau. Moreover, the underlying merits of Higgs's claims have been tried here and for the most part found wanting. How would it be "fair to the parties" or constitute "sound judicial policy" to allow a technical application of collateral estoppel give Higgs a judgment he was not entitled to on the merits?

### III. CONCLUSION

For the reasons stated above, a non-dischargeable judgment shall be entered in favor of Higgs for $7,800 against Colliau, but all other claims will be denied.

---

[212] *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing *Lucido v. Superior Court*, 51 Cal. 3d 335, 343 (1990)).

[213] *Lucido v. Superior Court*, 51 Cal. 3d 335, 343 (1990).

**OBJDSC, APPEAL, CLOSED**

# U.S. Bankruptcy Court
## Western District of Texas (Austin)
## Adversary Proceeding #: 15−01118−tmd

*Assigned to:* Bankruptcy Judge Tony M. Davis                *Date Filed:* 11/30/15
*Lead BK Case:* 15−11166                                     *Date Terminated:* 05/31/17
*Lead BK Title:* Russell Wade Colliau and Marci Kam Colliau
*Lead BK Chapter:* 7
*Demand:* $352000
*Nature[s] of Suit:*   62 Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud
               67 Dischargeability − 523(a)(4), fraud as fiduciary, embezzlement, larceny
               68 Dischargeability − 523(a)(6), willful and malicious injury
               41 Objection / revocation of discharge − 727(c),(d),(e)


*Plaintiff*
−−−−−−−−−−−−−−−−−−−−−−
**Roy A. Higgs**                          represented by **Roy A. Higgs**
117 Tuscan Grove Court                                  PRO SE
Roseville, CA 95747

                                                **James V. Hoeffner**
                                                Graves, Dougherty, Hearon & Moody, P.C.
                                                401 Congress Avenue
                                                Suite 2200
                                                Austin, TX 78701
                                                (512) 480−5707
                                                Fax : (512) 480−5886
                                                Email: jhoeffner@gdhm.com
                                                *TERMINATED: 06/08/2017*


                                                (See above for address)
                                                *TERMINATED: 05/12/2016*


V.


*Defendant*
−−−−−−−−−−−−−−−−−−−−−−
**Russell Wade Colliau**                  represented by **Michael V. Baumer**
118 Snapper                                             7600 Burnet Road, Suite 530
Lakeway, TX 78734                                       Austin, TX 78757
SSN / ITIN: xxx−xx−2483                                 (512) 476−8707
                                                Email: baumerlaw@baumerlaw.com


*Defendant*
−−−−−−−−−−−−−−−−−−−−−−
**Marci Kam Colliau**                     represented by **Michael V. Baumer**
118 Snapper                                             (See above for address)
Lakeway, TX 78734                                       *TERMINATED: 09/20/2016*
SSN / ITIN: xxx−xx−6073
*TERMINATED: 09/20/2016*

1

| Filing Date | # | Docket Text |
|---|---|---|
| 11/30/2015 | 1 | Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet) (Sather, Stephen) |
| 11/30/2015 | 2 | Summons Issued on Russell Wade Colliau Answer Due 12/30/2015; Marci Kam Colliau Answer Due 12/30/2015 (Sather, Stephen) |
| 11/30/2015 | | ICC–Fee Terminated for Complaint(15–01118–tmd) [cmp,cmp] ( 350.00), Amount $ 350.00, Receipt 16558313 (re:Doc# 1) (U.S. Treasury) |
| 12/01/2015 | 3 | Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs (Sather, Stephen) |
| 12/01/2015 | 4 | Summons Served on Marci Kam Colliau – served on 12/1/2015; Russell Wade Colliau – served on 12/1/2015 (Sather, Stephen) |
| 12/01/2015 | 5 | Summons Served on Marci Kam Colliau – served on 12/1/2015; Russell Wade Colliau – served on 12/1/2015 (Sather, Stephen) |
| 12/30/2015 | 6 | Answer to Complaint filed by Marci Kam Colliau, Russell Wade Colliau, (Baumer, Michael) |
| 12/31/2015 | 7 | Statement Regarding Consent filed by Stephen W. Sather for Plaintiff Roy C. Higgs (Sather, Stephen) |
| 01/04/2016 | 8 | Order Requiring Statement Regarding Consent (Order entered on 1/4/2016) (Boyd, Laurie) |
| 01/06/2016 | 9 | BNC Certificate of Mailing (Related Document(s): 8 Order Requiring Statement Regarding Consent (Order entered on 1/4/2016)) Notice Date 01/06/2016. (Admin.) (Entered: 01/07/2016) |
| 01/14/2016 | 10 | **Scheduling Order** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))).) **Docket Call Set For 5/18/2016 at 09:30 AM at Austin Courtroom 1 Discovery due 4/13/2016, Pre–Trial Order due by 5/11/2016, Dispositive Motions Due By 4/25/2016.** (Order entered on 1/14/2016) (Lopez, Jennifer) |
| 01/16/2016 | 11 | BNC Certificate of Mailing (Related Document(s): 10 **Scheduling Order** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – |

| | | | |
|---|---|---|---|
| | | | 727(c),(d),(e))).) **Docket Call Set For 5/18/2016 at 09:30 AM at Austin Courtroom 1 Discovery due 4/13/2016, Pre–Trial Order due by 5/11/2016, Dispositive Motions Due By 4/25/2016.** (Order entered on 1/14/2016)) Notice Date 01/16/2016. (Admin.) (Entered: 01/17/2016) |
| 01/25/2016 | | 12 | Statement Regarding Consent filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau (Baumer, Michael) |
| 03/08/2016 | | 13 | Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) |
| 03/14/2016 | | 14 | Order Regarding (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) (Order entered on 3/14/2016) (Boyd, Laurie) |
| 03/14/2016 | | | Create– Scheduling Order Deadlines: **Docket Call Set For 7/13/2016 at 09:30 AM at Austin Courtroom 1, Discovery due 6/13/2016, Pre–Trial Order due by 7/6/2016, Dispositive Motions Due By 6/27/2016.** (Boyd, Laurie) (related document(s): 14 Order Regarding (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: #1 Proposed Order)) (Order entered on 3/14/2016)) |
| 03/16/2016 | | 15 | BNC Certificate of Mailing (Related Document(s): 14 Order Regarding (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) (Order entered on 3/14/2016)) Notice Date 03/16/2016. (Admin.) |
| 05/10/2016 | | 16 | Ex Parte Motion to Substitute Attorney Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) |
| 05/10/2016 | | 17 | Emergency Motion to Extend Time Deadlines and Reset Docket Call, Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) |
| 05/11/2016 | | | **EXPEDITED Hearing to Consider and Act Upon the Following:** (related document(s): 17 Emergency Motion to Extend Time Deadlines and Reset Docket Call, Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. ((related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau.)) **Hearing Scheduled For 5/12/2016 at 10:00 AM at Austin Courtroom 1** ...*COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING...* (Lopez, Jennifer) |
| 05/12/2016 | | 18 | Order Allowing Substitution of Attorney (related document(s): 16 Ex Parte Motion to Substitute Attorney Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: #1 Proposed Order)) (Order entered on 5/12/2016) (Boyd, Laurie) |
| 05/12/2016 | | | Hearing Held: APPROVED AS STATED ON THE RECORD; ORDER TO COME. Order Due to be filed by: THE COURT. (related document(s): 17 Emergency Motion to Extend Time Deadlines and Reset Docket Call, |

3

| | | | |
|---|---|---|---|
| | | | Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: #1 Proposed Order) (Hoeffner, James) (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: #1 Proposed Order))) Order due by 5/26/2016 (Boyd, Laurie) |
| 05/13/2016 | | 19 | Order Allowing Extension of Time, (related document(s): 17 Emergency Motion to Extend Time Deadlines and Reset Docket Call, Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order))) Discovery due 7/13/2016, Pre–Trial Order due by 8/10/2016, Dispositive Motions Due By 7/27/2016, Docket Call 8/17/16 at 9:30 AM In Austin Courtroom #1. (Order entered on 5/13/2016) (Benitez, Estella) |
| 05/13/2016 | | | Create– Scheduling Order Deadlines: Docket Call Set For 8/17/2016 at 09:30 AM at Austin Courtroom 1,. (Benitez, Estella) (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet)) |
| 05/14/2016 | | 20 | BNC Certificate of Mailing (Related Document(s): 18 Order Allowing Substitution of Attorney (related document(s): 16 Ex Parte Motion to Substitute Attorney Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: #1 Proposed Order)) (Order entered on 5/12/2016)) Notice Date 05/14/2016. (Admin.) (Entered: 05/16/2016) |
| 05/15/2016 | | 21 | BNC Certificate of Mailing (Related Document(s): 19 Order Allowing Extension of Time, (related document(s): 17 Emergency Motion to Extend Time Deadlines and Reset Docket Call, Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 13 Unopposed Motion to Extend Deadlines and Reset Docket Call Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order))) Discovery due 7/13/2016, Pre–Trial Order due by 8/10/2016, Dispositive Motions Due By 7/27/2016, Docket Call 8/17/16 at 9:30 AM In Austin Courtroom #1. (Order entered on 5/13/2016)) Notice Date 05/15/2016. (Admin.) (Entered: 05/16/2016) |
| 06/03/2016 | | 22 | Motion to Extend Page Limitation on Motion for Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) |
| 06/07/2016 | | 23 | Notice of Correct Middle Initial of Adversary Plaintiff's Name filed by James V. Hoeffner for Plaintiff Roy C. Higgs (Hoeffner, James) |
| 06/08/2016 | | 24 | Order Regarding (related document(s): 22 Motion to Extend Page Limitation on Motion for Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order)) (Order entered on 6/8/2016) (Boyd, Laurie) |

| | | | |
|---|---|---|---|
| 06/10/2016 | | 25 | BNC Certificate of Mailing (Related Document(s): 24 Order Regarding (related document(s): 22 Motion to Extend Page Limitation on Motion for Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy C. Higgs. (Attachments: # 1 Proposed Order)) (Order entered on 6/8/2016)) Notice Date 06/10/2016. (Admin.) |
| 06/28/2016 | | 26 | Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) |
| 07/01/2016 | | 27 | Motion to Expedite Hearing Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) |
| 07/01/2016 | | 28 | Motion to Quash Deposition of Roy A. Higgs Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 Sworn Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order) (Hoeffner, James) |
| 07/01/2016 | | 29 | Response Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Proposed Order) (Hoeffner, James) (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) |
| 07/01/2016 | | 30 | Notice of Hearing on Plaintiff's Motion to Quash Depo of Higgs and Defendants' Motion to Compel Discovery filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order), 28 Motion to Quash Deposition of Roy A. Higgs Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 Sworn Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order) |
| 07/05/2016 | | | **Expedited Hearing to Consider and Act Upon the Following:** (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) **Hearing Scheduled For 7/6/2016 at 09:30 AM at Austin Courtroom 1** ...*COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING* (Miiller, Sherri) |
| 07/05/2016 | | 31 | **Hearing to Consider and Act Upon the Following:** (related document(s): 28 Motion to Quash Deposition of Roy A. Higgs Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 Sworn Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order)) **Hearing Scheduled For 7/6/2016 at 09:30 AM at Austin Courtroom 1** (Miiller, Sherri) |
| 07/06/2016 | | 32 | Order Regarding (related document(s): 27 Motion to Expedite Hearing Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order))) (Order entered on 7/6/2016) (Boyd, Laurie) |

| | | | |
|---|---|---|---|
| 07/07/2016 | | 33 | BNC Certificate of Mailing (Related Document(s): 31 **Hearing to Consider and Act Upon the Following:** (related document(s): 28 Motion to Quash Deposition of Roy A. Higgs Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 Sworn Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order)) **Hearing Scheduled For 7/6/2016 at 09:30 AM at Austin Courtroom 1**) Notice Date 07/07/2016. (Admin.) |
| 07/08/2016 | | 34 | BNC Certificate of Mailing (Related Document(s): 32 Order Regarding (related document(s): 27 Motion to Expedite Hearing Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order))) (Order entered on 7/6/2016)) Notice Date 07/08/2016. (Admin.) |
| 07/11/2016 | | 35 | Order Regarding (related document(s): 28 Motion to Quash Deposition of Roy A. Higgs Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 Sworn Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order)) (Order entered on 7/11/2016) (Boyd, Laurie) |
| 07/11/2016 | | 36 | Order Regarding (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) (Order entered on 7/11/2016) (Boyd, Laurie) |
| 07/13/2016 | | 37 | Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order) (Hoeffner, James) |
| 07/13/2016 | | 38 | Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 37 Motion Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) |
| 07/13/2016 | | 39 | BNC Certificate of Mailing (Related Document(s): 35 Order Regarding (related document(s): 28 Motion to Quash Deposition of Roy A. Higgs Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit 1 Sworn Declaration # 2 Exhibit A # 3 Exhibit B # 4 Exhibit C # 5 Exhibit D # 6 Proposed Order)) (Order entered on 7/11/2016)) Notice Date 07/13/2016. (Admin.) |
| 07/13/2016 | | 40 | BNC Certificate of Mailing (Related Document(s): 36 Order Regarding (related document(s): 26 Motion to Compel Discovery Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order)) (Order entered on 7/11/2016)) Notice Date 07/13/2016. (Admin.) |
| 07/18/2016 | | | **EXPEDITED Hearing to Consider and Act Upon the Following:** (related document(s): 38 Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (related document(s): 37 Motion Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. )) **Hearing Scheduled For 7/22/2016 at 10:30 AM at Austin Courtroom 1** ...*COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING...* (Lopez, |

6

| | | | |
|---|---|---|---|
| | | | Jennifer) |
| 07/18/2016 | | 41 | Notice of Hearing on Plaintiff's Motion to Compel filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) |
| 07/22/2016 | | | **Status Hearing Continued From 7/22/16 to 8/11/16** (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) **Status Hearing Set For 8/11/2016 at 09:30 AM at Austin Courtroom 1** ...*RESET IN OPEN COURT; NO FURTHER NOTICE BY THE COURT* (Benitez, Estella) |
| 08/03/2016 | | 42 | Unopposed Motion to Continue Hearing Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) |
| 08/04/2016 | | 43 | Order Regarding (related document(s): 42 Unopposed Motion to Continue Hearing Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order))) (Order entered on 8/4/2016) (Boyd, Laurie) |
| 08/04/2016 | | | **HEARING RESET FROM 8/11/12 TO 8/12/16** (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: #1 Exhibit A–C #2 Exhibit B #3 Exhibit C #4 Proposed Order)) **Hearing Scheduled For 8/12/2016 at 01:30 PM at Austin Courtroom 1** *COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING...* (Boyd, Laurie) |
| 08/06/2016 | | 44 | BNC Certificate of Mailing (Related Document(s): 43 Order Regarding (related document(s): 42 Unopposed Motion to Continue Hearing Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order))) (Order entered on 8/4/2016)) Notice Date 08/06/2016. (Admin.) |
| 08/09/2016 | | 45 | Notice of Hearing filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Baumer, Michael) (Related Document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) |
| 08/11/2016 | | 46 | Supplemental Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–E) (Hoeffner, James) (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by |

| | | | |
|---|---|---|---|
| | | | James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) |
| 08/12/2016 | | | **Docket Call RESET FROM 8/17/16 TO 11/2/16 to Consider and Act Upon the Following:** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). **Docket Call Set For 11/2/2016 at 09:30 AM at Austin Courtroom 1** (Lopez, Jennifer) (Entered: 08/16/2016) |
| 08/17/2016 | | 47 | Order Regarding (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) (Order entered on 8/17/2016) (Boyd, Laurie) |
| 08/17/2016 | | | Create– Scheduling Order Deadlines: **Docket Call Set For 11/2/2016 at 10:30 AM at Austin Courtroom 1**. (Boyd, Laurie) (related document(s): 47 Order Regarding (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: #1 Exhibit A–C #2 Exhibit B #3 Exhibit C #4 Proposed Order)) (Order entered on 8/17/2016)) |
| 08/17/2016 | | | **Docket Call RESET FROM 11/2/16 AT 9:30 AM TO 11/2/16 AT 10:30 AM to Consider and Act Upon the Following:** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). **Docket Call Set For 11/2/2016 at 10:30 AM at Austin Courtroom 1** (Lopez, Jennifer) |
| 08/19/2016 | | 48 | BNC Certificate of Mailing (Related Document(s): 47 Order Regarding (related document(s): 37 Motion to Compel and Extend Deadlines on Scheduling Order Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit A–C # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order)) (Order entered on 8/17/2016)) Notice Date 08/19/2016. (Admin.) |
| 08/26/2016 | | 49 | Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. (Attachments: # 1 Proposed Order) (Baumer, Michael) |
| 08/26/2016 | | 50 | Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs) |
| 08/29/2016 | | 51 | Exhibits to Plaintiff's Motion for Summary Judgment filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Attachments: # 1 Exhibit D–H # 2 Exhibit I–M # 3 Exhibit N # 4 Exhibit O–S # 5 Exhibit T–V # 6 Exhibit W–Z # 7 Exhibit EE, FF and GG # 8 Exhibit HH–KK # 9 Exhibit LL # 10 Exhibit QQ–SS and UU–YY # 11 Exhibit ZZ part 1 of 3 # 12 Exhibit ZZ part 2 of 3 # 13 Exhibit ZZ part 3 of 3 and AAA # 14 Exhibit 19–24 # 15 Exhibit 25–26 and 30–32) (Hoeffner, James) (related document(s): 50 |

| | | | |
|---|---|---|---|
| | | | Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) |
| 09/09/2016 | | 52 | **Hearing to Consider and Act Upon the Following:** (related document(s): 49 Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. , 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) **Hearing Scheduled For 11/2/2016 at 09:30 AM at Austin Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE E−MAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV AND ALL AFFECTED PARTIES FOR A SPECIAL SETTING.* (Lopez, Jennifer) |
| 09/09/2016 | | 53 | Response Filed by Michael V. Baumer for Defendants Marci Kam Colliau, Russell Wade Colliau. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Baumer, Michael) (related document(s): 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) |
| 09/11/2016 | | 54 | BNC Certificate of Mailing (Related Document(s): 52 **Hearing to Consider and Act Upon the Following:** (related document(s): 49 Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. , 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) **Hearing Scheduled For 11/2/2016 at 09:30 AM at Austin Courtroom 1** .....*IF TIME ESTIMATE FOR BOTH SIDES EXCEEDS 30 MINUTES, PLEASE E−MAIL THE COURTROOM DEPUTY AT JENNIFER_LOPEZ@TXWB.USCOURTS.GOV AND ALL AFFECTED PARTIES FOR A SPECIAL SETTING.* ) Notice Date 09/11/2016. (Admin.) |
| 09/14/2016 | | | **Hearing RESET FROM 11/2/16 TO 10/6/16** (related document(s): 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) **Hearing Scheduled For 10/6/2016 at 10:30 AM at Austin Courtroom 1** ...*PARTIES REQUEST SPECIAL SETTING; NO FURTHER NOTICE TO BE GIVEN BY THE COURT...* (Lopez, Jennifer) |
| 09/14/2016 | | | **Hearing RESET FROM 11/2/16 TO 10/6/16** (related document(s): 49 Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. ) **Hearing Scheduled For 10/6/2016 at 10:30 AM at Austin Courtroom 1** ...*PARTIES REQUEST SPECIAL SETTING; NO FURTHER NOTICE TO BE GIVEN BY THE COURT...* (Lopez, Jennifer) |
| 09/15/2016 | | 55 | Agreed Motion to Dismiss Party – Marci Kam Colliau, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) |
| 09/16/2016 | | 56 | Response Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit Declaration Exhibit A) (Hoeffner, James) (related document(s): 50 Motion For Summary Judgment Filed by James |

| | | | |
|---|---|---|---|
| | | | V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) |
| 09/20/2016 | | 57 | Order Allowing Dismissal of Party (related document(s): 55 Agreed Motion to Dismiss Party – Marci Kam Colliau, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order)) (Order entered on 9/20/2016) (Boyd, Laurie) |
| 09/20/2016 | | 58 | Order Mooting (related document(s): 49 Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. (Attachments: # 1 Proposed Order)) (Order entered on 9/20/2016) (Boyd, Laurie) |
| 09/22/2016 | | 59 | BNC Certificate of Mailing Notice Date 09/22/2016. (Admin.) |
| 09/22/2016 | | 60 | BNC Certificate of Mailing (Related Document(s): 58 Order Mooting (related document(s): 49 Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. (Attachments: # 1 Proposed Order)) (Order entered on 9/20/2016)) Notice Date 09/22/2016. (Admin.) |
| 10/04/2016 | | 61 | Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order) (Hoeffner, James) |
| 10/04/2016 | | 62 | Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order)) |
| 10/05/2016 | | 63 | Order Regarding (related document(s): 62 Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order))) (Order entered on 10/5/2016) (Boyd, Laurie) |
| 10/05/2016 | | 64 | **EXPEDITED Hearing to Consider and Act Upon the Following:** (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. ) **Hearing Scheduled For 10/6/2016 at 10:30 AM at Austin Courtroom 1**...*COUNSEL FOR MOVANT IS RESPONSIBLE FOR NOTICE OF HEARING...* (Lopez, Jennifer) |
| 10/06/2016 | | | Hearing Held: ORAL RULING READ INTO THE RECORD / DENIED. (related document(s): 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) Order due by 10/20/2016 (Boyd, Laurie) (Entered: 10/07/2016) |
| 10/06/2016 | | | Hearing Held: MOOT – MARCI COLLIAU DISMISSED AS PARTY (related document(s): 49 Motion For Summary Judgment Filed by Michael V. Baumer for Defendant Marci Kam Colliau. (Attachments: # 1 Proposed Order)) (Boyd, Laurie) (Entered: 10/07/2016) |
| 10/07/2016 | | 65 | |

| | | | |
|---|---|---|---|
| | | | Order Vacating And Setting Hearing (related document(s): 63 Order Regarding (related document(s): 62 Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order))) (Order entered on 10/5/2016) (Order entered on 10/7/2016) (Boyd, Laurie) |
| 10/07/2016 | | 66 | Order Denying (related document(s): 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) (Order entered on 10/7/2016) (Boyd, Laurie) |
| 10/07/2016 | | 67 | BNC Certificate of Mailing (Related Document(s): 63 Order Regarding (related document(s): 62 Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order))) (Order entered on 10/5/2016)) Notice Date 10/07/2016. (Admin.) |
| 10/07/2016 | | | **Hearing to Consider and Act Upon the Following:** (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. ) **Hearing Scheduled For 11/2/2016 at 10:30 AM at Austin Courtroom 1** (Lopez, Jennifer) (Entered: 10/25/2016) |
| 10/09/2016 | | 68 | BNC Certificate of Mailing (Related Document(s): 65 Order Vacating And Setting Hearing (related document(s): 63 Order Regarding (related document(s): 62 Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order))) (Order entered on 10/5/2016)) (Order entered on 10/7/2016)) Notice Date 10/09/2016. (Admin.) |
| 10/09/2016 | | 69 | BNC Certificate of Mailing (Related Document(s): 66 Order Denying (related document(s): 50 Motion For Summary Judgment Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Hoeffner, James) (related document(s): 3 Amended Adversary Proceeding Cover Sheet filed by Stephen W. Sather for Plaintiff Roy C. Higgs)) (Order entered on 10/7/2016)) Notice Date 10/09/2016. (Admin.) |
| 10/31/2016 | | 70 | Proposed Pre−Trial Order filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) |
| 10/31/2016 | | 71 | Findings of Fact and Conclusions of Law of Plaintiff Roy A. Higgs filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 10 **Scheduling Order** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability − 523(a)(2), false pretenses, false representation, actual fraud),(67 (Dischargeability − 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability − 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge − 727(c),(d),(e)))). **Docket Call Set For 5/18/2016 at 09:30 AM at Austin Courtroom 1 Discovery due 4/13/2016, Pre−Trial Order due by** |

| | | | |
|---|---|---|---|
| | | | **5/11/2016, Dispositive Motions Due By 4/25/2016.** (Order entered on 1/14/2016)) |
| 10/31/2016 | | 72 | Brief/Memorandum of Law In Support of Proposed Pre Trial Order filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 70 Proposed Pre–Trial Order filed by James V. Hoeffner for Plaintiff Roy A. Higgs) |
| 11/01/2016 | | 73 | Notice of Correction of Scrivener's Error filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 70 Proposed Pre–Trial Order filed by James V. Hoeffner for Plaintiff Roy A. Higgs, 71 Findings of Fact and Conclusions of Law of Plaintiff Roy A. Higgs filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 10 **Scheduling Order** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))).) **Docket Call Set For 5/18/2016 at 09:30 AM at Austin Courtroom 1 Discovery due 4/13/2016, Pre–Trial Order due by 5/11/2016, Dispositive Motions Due By 4/25/2016.** (Order entered on 1/14/2016))) |
| 11/01/2016 | | 74 | Proposed Pre–Trial Order filed by Michael V. Baumer for Defendant Russell Wade Colliau (Baumer, Michael) |
| 11/01/2016 | | 75 | Defendant's Proposed Findings of Fact and Conclusions of Law filed by Michael V. Baumer for Defendant Russell Wade Colliau (Baumer, Michael) |
| 11/02/2016 | | 76 | **Pre–Trial Conference:** (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). ) **Pre–Trial Conference Set For 12/8/2016 at 09:00 AM at Austin Courtroom 1** (Lopez, Jennifer) |
| 11/02/2016 | | | **Trial to Consider and Act Upon the Following:** (related document(s): 1 Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). **Trial Hearing Set For 12/15/2016 at 08:30 AM at Austin Courtroom 1** (Lopez, Jennifer) |
| 11/02/2016 | | | Expedited Hearing Held: Agreed Order To Come. Order Due to be filed by: The Movant. (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order)) Order due by 11/16/2016 (Benitez, Estella) (Entered: 11/03/2016) |
| 11/02/2016 | | | |

| | | | |
|---|---|---|---|
| | | | Docket Call Held. Pretrial Conference on 12/8/16 at 9:00 am/Trial Set for 12/15/16 at 8:30/Joint Pretrial Order Due: 12/1/16. (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet)) (Benitez, Estella) Modified on 11/18/2016 To Correct File Date (Benitez, Estella). (Entered: 11/03/2016) |
| 11/04/2016 | | 77 | BNC Certificate of Mailing (Related Document(s): 76 **Pre–Trial Conference:** (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). ) **Pre–Trial Conference Set For 12/8/2016 at 09:00 AM at Austin Courtroom 1** ) Notice Date 11/04/2016. (Admin.) |
| 11/29/2016 | | 78 | Order Due Letter Sent to: James Hoeffner (Related Document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order)) Overdue Order Due By 12/20/2016 (Boyd, Laurie) |
| 12/01/2016 | | 79 | Ex Parte Motion to Extend Time File Joint Pre–Trial Order, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) |
| 12/01/2016 | | 80 | Order Allowing Extension of Time, (related document(s): 79 Ex Parte Motion to Extend Time File Joint Pre–Trial Order, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order)) , Pre–Trial Order due by 12/5/2016, Dispositive Motions Due By 12/5/2016. (Order entered on 12/1/2016) (Benitez, Estella) |
| 12/03/2016 | | 81 | BNC Certificate of Mailing (Related Document(s): 80 Order Allowing Extension of Time, (related document(s): 79 Ex Parte Motion to Extend Time File Joint Pre–Trial Order, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order)) , Pre–Trial Order due by 12/5/2016, Dispositive Motions Due By 12/5/2016. (Order entered on 12/1/2016)) Notice Date 12/03/2016. (Admin.) |
| 12/05/2016 | | 82 | Joint Proposed Pre–Trial Order filed by James V. Hoeffner for Defendant Russell Wade Colliau, Plaintiff Roy A. Higgs (Hoeffner, James) |
| 12/12/2016 | | 83 | Witness List and Amended Exhibit List filed by James V. Hoeffner for Defendant Russell Wade Colliau, Plaintiff Roy A. Higgs (Hoeffner, James) |
| 12/14/2016 | | 84 | Brief/Memorandum of Law In filed by Michael V. Baumer for Defendant Russell Wade Colliau (Baumer, Michael) |
| 12/15/2016 | | | Trial Hearing Held. TAKEN UNDER ADVISEMENT; POST TRIAL BRIEF DUE 1/11/17; DEFENDANT'S RESPONSE DUE 1/27/17; AND PLAINTIFF REPLY 2/3/17. (Boyd, Laurie) (Entered: 12/16/2016) |

| | | | |
|---|---|---|---|
| 12/15/2016 | | 85 | Exhibit and Witness List for Hearing Held on 12/15/16 (related document(s): 1Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Lopez, Jennifer) (Entered: 12/19/2016) |
| 01/11/2017 | | 86 | Brief/Memorandum of Law In Support of filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Hoeffner, James) (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet)) |
| 01/27/2017 | | 87 | Response Filed by Michael V. Baumer for Defendant Russell Wade Colliau. (Baumer, Michael) (related document(s): 86 Brief/Memorandum of Law In Support of filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Hoeffner, James) (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet))) |
| 01/31/2017 | | 88 | Unopposed Motion to Extend Time to File Plaintiff's Reply Brief to Defendant's Response to Plaintiff's Post–Trial Brief, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) |
| 02/01/2017 | | 89 | Order Allowing Extension of Time to February 8, 2017 (related document(s): 88 Unopposed Motion to Extend Time to File Plaintiff's Reply Brief to Defendant's Response to Plaintiff's Post–Trial Brief, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Order entered on 2/1/2017) (Boyd, Laurie) |
| 02/03/2017 | | 90 | BNC Certificate of Mailing (Related Document(s): 89 Order Allowing Extension of Time to February 8, 2017 (related document(s): 88 Unopposed Motion to Extend Time to File Plaintiff's Reply Brief to Defendant's Response to Plaintiff's Post–Trial Brief, Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order)) (Order entered on 2/1/2017)) Notice Date 02/03/2017. (Admin.) |
| 02/06/2017 | | 91 | Order Regarding Closing Arguments and Directing Parties to Order Transcript (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4) fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6) willful and malicious injury)),(41 (Objection / revocation of discharge – |

| | | | |
|---|---|---|---|
| | | | 727(c),(d),(e)))). (Attachments: #1 Adversary Coversheet)) (Order entered on 2/6/2017) (Boyd, Laurie) |
| 02/08/2017 | | 92 | Brief/Memorandum of Law In filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 87 Response Filed by Michael V. Baumer for Defendant Russell Wade Colliau. (Baumer, Michael) (related document(s): 86 Brief/Memorandum of Law In Support of filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D) (Hoeffner, James) (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet)))) |
| 02/08/2017 | | 93 | BNC Certificate of Mailing (Related Document(s): 91 Order Regarding Closing Arguments and Directing Parties to Order Transcript (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4) fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6) willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: #1 Adversary Coversheet)) (Order entered on 2/6/2017)) Notice Date 02/08/2017. (Admin.) |
| 02/13/2017 | | 94 | Transcript Request by Michael Baumer (related document(s): Trial Hearing Held. TAKEN UNDER ADVISEMENT; POST TRIAL BRIEF DUE 1/11/17; DEFENDANT'S RESPONSE DUE 1/27/17; AND PLAINTIFF REPLY 2/3/17.) (Wallace, Adam) (Entered: 02/15/2017) |
| 02/27/2017 | | 95 | Transcript Request by Jim Hoeffner (related document(s): Trial Hearing Held. TAKEN UNDER ADVISEMENT; POST TRIAL BRIEF DUE 1/11/17; DEFENDANT'S RESPONSE DUE 1/27/17; AND PLAINTIFF REPLY 2/3/17.) (Boyd, Laurie) |
| 03/20/2017 | | 96 | Transcript regarding Hearing Held 12/15/16 THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 06/19/2017. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Transcriber EXCEPTIONAL REPORTING, Telephone number 361 949–2988 X 0. – NAME OF PURCHASER: JAMES V. HOEFFNER. Notice of Intent to Request Redaction Deadline Due By 03/27/2017. Redaction Request Due By04/10/2017. Redacted Transcript Submission Due By 04/20/2017. Transcript access will be restricted through 06/19/2017. (Hudson, Toni) |
| 03/20/2017 | | | Transcribers Notice of Purchase of Restricted Access Transcript – Name of Purchaser: MICHAEL BAUMER. (Hudson, Toni) (related document(s): 96 Transcript regarding Hearing Held 12/15/16 THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 06/19/2017. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Transcriber EXCEPTIONAL |

| | | | |
|---|---|---|---|
| | | | REPORTING, Telephone number 361 949–2988 X 0. – NAME OF PURCHASER: JAMES V. HOEFFNER. Notice of Intent to Request Redaction Deadline Due By 03/27/2017. Redaction Request Due By04/10/2017. Redacted Transcript Submission Due By 04/20/2017. Transcript access will be restricted through 06/19/2017.) |
| 03/23/2017 | | 97 | BNC Certificate of Mailing (Related Document(s): 96 Transcript regarding Hearing Held 12/15/16 THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 06/19/2017. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Transcriber EXCEPTIONAL REPORTING, Telephone number 361 949–2988 X 0. – NAME OF PURCHASER: JAMES V. HOEFFNER. Notice of Intent to Request Redaction Deadline Due By 03/27/2017. Redaction Request Due By04/10/2017. Redacted Transcript Submission Due By 04/20/2017. Transcript access will be restricted through 06/19/2017.) Notice Date 03/23/2017. (Admin.) |
| 03/29/2017 | | 98 | **Hearing to Consider and Act Upon the Following: CLOSING ARGUMENTS** (related document(s): 1 Complaint filed by Roy C. Higgs against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). ) **Hearing Scheduled For 4/26/2017 at 01:30 PM at Austin Courtroom 1** ...*COURT REQUEST THE HEARING*... (Lopez, Jennifer) |
| 03/31/2017 | | 99 | Transcript Redaction Request filed by James V. Hoeffner for Plaintiff Roy A. Higgs (Hoeffner, James) (related document(s): 96 Transcript regarding Hearing Held 12/15/16 THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 06/19/2017. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Transcriber EXCEPTIONAL REPORTING, Telephone number 361 949–2988 X 0. – NAME OF PURCHASER: JAMES V. HOEFFNER. Notice of Intent to Request Redaction Deadline Due By 03/27/2017. Redaction Request Due By04/10/2017. Redacted Transcript Submission Due By 04/20/2017. Transcript access will be restricted through 06/19/2017.) |
| 03/31/2017 | | 100 | BNC Certificate of Mailing (Related Document(s): 98 **Hearing to Consider and Act Upon the Following: CLOSING ARGUMENTS** (related document(s): 1 Complaint filed by Roy C. Higgs against Russell Wade Colliau, Marci Kam Colliau (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). ) **Hearing Scheduled For 4/26/2017 at 01:30 PM at Austin Courtroom 1** ...*COURT REQUEST THE HEARING*...) Notice Date 03/31/2017. (Admin.) |
| 04/26/2017 | | | Hearing Held: CLOSING ARGUMENTS PRESENTED. (related document(s): 98 **Hearing to Consider and Act Upon the Following: CLOSING ARGUMENTS** (related document(s): 1 Complaint filed by Roy C. Higgs against Russell Wade Colliau, Marci Kam Colliau |

| | | | |
|---|---|---|---|
| | | | (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 COURT REQUEST THE HEARING...) (Chapman, Anita) (Entered: 04/27/2017) |
| 05/24/2017 | | 101 | Judge's Memorandum/Opinion (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). (Attachments: # 1 Adversary Coversheet)) (Order entered on 5/24/2017) (Benitez, Estella) |
| 05/26/2017 | | 102 | BNC Certificate of Mailing (Related Document(s): 101 Judge's Memorandum/Opinion (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). (Attachments: # 1 Adversary Coversheet)) (Order entered on 5/24/2017) Notice Date 05/26/2017. (Admin.) |
| 05/30/2017 | | 103 | Final Judgment (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). (Attachments: # 1 Adversary Coversheet)) (Order entered on 5/30/2017) (Wallace, Adam) |
| 05/31/2017 | | 104 | Order Regarding (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order)) (Order entered on 5/31/2017) (Wallace, Adam) |
| 05/31/2017 | | | Adversary Case Closed for Statistical Purposes Only (Wallace, Adam) |
| 06/01/2017 | | 105 | BNC Certificate of Mailing (Related Document(s): 103 Final Judgment (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e))). (Attachments: # 1 Adversary Coversheet)) (Order entered on 5/30/2017)) Notice Date 06/01/2017. (Admin.) |
| 06/02/2017 | | 106 | BNC Certificate of Mailing (Related Document(s): 104 Order Regarding (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order)) (Order entered on 5/31/2017)) Notice Date 06/02/2017. (Admin.) |

| 06/07/2017 | | 107 | Motion to Withdraw Attorney Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) |
|---|---|---|---|
| 06/07/2017 | | 108 | Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 107 Motion to Withdraw Attorney Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order)) |
| 06/08/2017 | | 109 | Order Mooting (related document(s): 108 Motion to Expedite Hearing Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order) (Hoeffner, James) (related document(s): 107 Motion to Withdraw Attorney Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Proposed Order))) (Order entered on 6/8/2017) (Boyd, Laurie) |
| 06/08/2017 | | 110 | Order Allowing Withdrawal of Attorney (related document(s): 107 Motion to Withdraw Attorney Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: #1 Proposed Order)) (Order entered on 6/8/2017) (Boyd, Laurie) |
| 06/08/2017 | | 111 | Notice of Appeal Filed by Plaintiff Roy A. Higgs ( Filing Fee:$ 298.00 ) (Boyd, Laurie) –Appellant Designation due by 6/22/2017 (related document(s): 103 Final Judgment (related document(s): 1 Adversary case 15–01118. Complaint filed by Roy C. Higgs (attorney Stephen W. Sather) against Russell Wade Colliau, Marci Kam Colliau (Filing Fee: $ 350.00) (Nature(s) of Suit:(62 (Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud)),(67 (Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability – 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge – 727(c),(d),(e)))). (Attachments: # 1 Adversary Coversheet)) (Order entered on 5/30/2017), 104 Order Regarding (related document(s): 61 Motion to Seal Portions of the Record and for Related Relief Filed by James V. Hoeffner for Plaintiff Roy A. Higgs. (Attachments: # 1 Exhibit "A" # 2 Proposed Order)) (Order entered on 5/31/2017)) |
| 06/08/2017 | | 112 | Filing Fee Due Letter requested (Boyd, Laurie) |
| 06/08/2017 | | 113 | Filing Fee due letter sent to Roy Higgs regarding Notice of Appeal. (Boyd, Laurie) |
| 06/08/2017 | | 114 | Request for Notice–Interested Parties (related document(s): 113 Filing Fee due letter sent to Roy Higgs regarding Notice of Appeal.) (Boyd, Laurie) |